IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAXTER HEALTHCARE CORP., Plaintiff, v. HOSPIRA, INC. and ORION CORP., Defendants. | C.A. No. 18-cv-303-RGA |

MEMORANDUM ORDER

Presently before the Court is the issue of claim construction of terms in U.S. Patent No. 6,716,867 ("the '867 patent"). I have considered the parties' joint claim construction brief. (D.I. 58).

## I. LEGAL STANDARD

"It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (citation omitted). "'[T]here is no magic formula or catechism for conducting claim construction.' Instead, the court is free to attach the appropriate weight to appropriate sources 'in light of the statutes and policies that inform patent law.'" *SoftView LLC v. Apple Inc.*, 2013 WL 4758195, at *1 (D. Del. Sept. 4, 2013) (quoting *Phillips*, 415 F.3d at 1324). When construing patent claims, a court considers the literal language of the claim, the patent specification, and the prosecution history. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979–80 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). Of these sources, "the specification

is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Phillips*, 415 F.3d at 1315.

"[T]he words of a claim are generally given their ordinary and customary meaning. . . . [This is] the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application." *Id.* at 1312–13. "[T]he ordinary meaning of a claim term is its meaning to [an] ordinary artisan after reading the entire patent." *Id.* at 1321. "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Id.* at 1314.

When a court relies solely upon the intrinsic evidence—the patent claims, the specification, and the prosecution history—the court's construction is a determination of law. *See Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015). The court may also make factual findings based upon consideration of extrinsic evidence, which "consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises." *Phillips*, 415 F.3d at 1317–19. Extrinsic evidence may assist the court in understanding the underlying technology, the meaning of terms to one skilled in the art, and how the invention works. *Id.* Extrinsic evidence, however, is less reliable and less useful in claim construction than the patent and its prosecution history. *Id.*

"A claim construction is persuasive, not because it follows a certain rule, but because it defines terms in the context of the whole patent." *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998). It follows that "a claim interpretation that would exclude

2

the inventor's device is rarely the correct interpretation." *Osram GMBH v. Int'l Trade Comm'n*, 505 F.3d 1351, 1358 (Fed. Cir. 2007) (citation omitted).

## II. PATENT AT ISSUE

Claim 1 of the '867 patent reads (as amended by the May 25, 2004 Certificate of Correction):

> 1. A method of sedating a patient in an *intensive care unit*, which comprises administering to the patient an effective amount of dexmedetomidine or a pharmaceutically acceptable salt thereof, wherein the patient remains arousable and orientated.

(D.I. 59 at 106).

## III. CONSTRUCTION OF AGREED-UPON TERM

The Court adopts the following agreed-upon construction.[1]

| Claim Term | Construction |
|---|---|
| "dexmedetomidine" | "substantially pure, optically active dextrorotary stereoisomer of medetomidine, as the free base or pharmaceutically acceptable salt" |

## IV. CONSTRUCTION OF DISPUTED TERM

**1. "intensive care unit"**

    a. *Plaintiff's Proposed Construction*: "any setting that provides care to critically ill patients, characterized by high nurse-to-patient ratios, continuous medical supervision, and intensive monitoring"

    b. *Defendants' Proposed Construction*: "any setting that provides intensive care" or "any setting that provides care to critically ill patients, typically characterized by high nurse-to-patient ratios, continuous medical supervision, and intensive monitoring"

    c. *Court's Construction*: "any setting that provides intensive care"

---

[1] It strikes me that the agreed upon construction is actually for "dexmedetomidine or a pharmaceutically acceptable salt thereof."

The '867 patent explicitly states that "the word intensive care unit encompasses any setting that provides intensive care." '867 patent at 1:17–19, 3:49–51, 4:44–45. When "a patent applicant has elected to be a lexicographer by providing an explicit definition in the specification for a claim term[,] . . . the definition selected by the patent applicant controls. The patentee's lexicography must, of course, appear with reasonable clarity, deliberateness, and precision before it can affect the claim." *Merck & Co., Inc. v. Teva Pharmaceuticals USA, Inc.*, 395 F.3d 1364, 1370 (Fed. Cir. 2005) (citations omitted).

Plaintiff argues that the patentee's definition is circular and thus inherently ambiguous. (D.I. 58 at 7). I don't think the use of "intensive care" to define "intensive care unit" alone makes the definition ambiguous. Instead, I believe Plaintiff's argument depends on whether "intensive care" is readily understood by a person of ordinary skill in the art. The parties appear to agree that it is. (D.I. 58 at 8, 16). In fact, Plaintiff argues, "Here, 'intensive care' has a well understood plain and ordinary meaning to a person of skill in the art." (*Id.* at 8). As such, "any setting that provides intensive care" should also be well understood by a person of skill in the art.

Therefore, I adopt Defendants' construction based on the patentee's lexicography.

IT IS SO ORDERED this 29 day of October 2018.

United States District Judge